NEW YORK. SUSQUEHANNA AND WESTERN RAILROAD COMPANY,
appellant,

*v.*

CHARLES W. BELL, receiver of the Traders Paper Board Company, appellee.

[Argued November 20th, 1912. Decided March 3d, 1913.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Howell, who filed the following opinion:

This is a suit for the administration of the affairs of an insolvent corporation. The New York, Susquehanna and Western Railroad Company made claim to the receiver for $1,673 for demurrage on freight cars containing freight consigned to the receiver during the months of January, February, March, April and May, 1908. The receiver disallowed the claim; whereupon, on the railroad company's application it was referred to a special master to ascertain whether the receiver was indebted to the railroad company in the amounts set forth in the petition, or other amount, and, if so, the amount of the indebtedness and the facts and circumstances under which it arose or was claimed to have arisen, and such other matters touching the controverted indebtedness as the master might think relevant and proper, together with his opinion thereon. He was given authority to take such depositions and other evidence as might be offered by the parties concerning the matters in controversy. A large amount of testimony was taken, and the master has reported in favor of the receiver's denial of indebtedness. To this report exceptions were filed, and the matter comes on for hearing on the master's report and the exceptions thereto.

The railroad company, at its Bogota station, had no platform on which freight could be unloaded from its cars. The receiver, however, had such a platform, and the arrangement was that

when cars came to that station consigned to the receiver they were shunted alongside the receiver's platform, which was long enough to hold ten or a dozen cars, and there unloaded. An agreement in relation to this car service was entered into by the insolvent corporation prior to the appointment of the receiver, and subsequently the receiver adopted the contract as his own, and under his authority to operate the mill he was in receipt almost daily of consignments over the railroad of raw material for the paper mill. It is claimed on the part of the railroad company that the receiver did not promptly unload the cars which were placed upon his siding, and that by reason thereof under the terms of the agreement between him and the railroad company the railroad company was unable to discharge its freight promptly and in accordance with the agreement, and that therefore demurrage charges sought to be collected accrued against the receiver. Under these circumstances it became incumbent upon the railroad company to prove that the delay in making actual deliveries at the receiver's platform was due to the negligence of the receiver or his inability to empty the cars so as to make way for other loaded cars which were waiting on the railroad company's tracks to be unloaded. The evidence on this point is voluminous, contradictory, uncertain and very unsatisfactory. I have perused it carefully with the purpose of ascertaining the fact touching this point, and I am obliged to say that I have not been able to find clear and plain statements on the part of the railroad company which satisfy me that the situation is any different from that which the master has reported. The master, who is an experienced lawyer, had the advantage of seeing the witnesses, of observing their manner on the witness-stand, and of examining in detail with the aid of counsel and witnesses the books, vouchers and other records upon which the rights of the parties depend. He was therefore in a better position to judge of the character and weight of the evidence than anyone else could be.

Under the circumstance therefore I ought not to disturb the report of the master.

*Messrs. Cortlandt & Wayne Parker,* for the appellant.

*Mr. Joseph A. Duffy,* for the appellee.

PER CURIAM.

The decree appealed from will be affirmed, for the reasons stated in the opinion filed in the court below by Vice-Chancellor Howell.

*For affirmance*—THE CHANCELLOR, CHIEF-JUSTICE, GARRISON, SWAYZE, TRENCHARD, BERGEN, MINTURN, KALISCH, BOGERT, VREDENBURGH, CONGDON, TREACY—12.